Matthew Shayefar (Cal. SBN. 289685)
matt@sheyefar.com
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West
West Hollywood, California 90069
Tel: 323-948-8101

Valentin Gurvits (MA Bar No. 643572) *phv forthcoming*
vgurvits@bostonlawgroup.com | Tel: 617-928-1804
Frank Scardino (MA Bar No. 703911) *phv forthcoming*
frank@bostonlawgroup.com | Tel: 617-928-1805
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

*Attorneys for Plaintiff Maria Zurabova*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

MARIA ZURABOVA
   Plaintiff,

v.

BLOCK, INC.;
SQUARE CAPITAL, LLC; and
SQUARE FINANCIAL SERVICES, INC.;
   Defendants.

CASE NO. 23-953

**COMPLAINT FOR**
   **I. CONVERSION;**
   **II. BREACH OF CONTRACT;**
   **III. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**
   **IV. PROMISSORY ESTOPPEL;**
   **V. CAL. CIV. CODE §§1750 *ET SEQ.*;**
   **VI. UNLAWFUL AND UNFAIR BUSINESS PRACTICES; AND**
   **VII. UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

This is an action for Conversion, Breach of Contract, Promissory Estoppel, Unfair Trade Practices, Unjust Enrichment and related causes of action, wherein Plaintiff Maria Zurabova ("**Zurabova**") seeks damages and other relief for the actions committed and/or omitted by the

above listed Defendants. Zurabova made more than $645,000 worth of purchases with a merchant using Defendants' payment processing services. Defendants received these funds from Zurabova's bank but failed to pass these funds along to the merchant, failed to refund them to Zurabova, and instead illegally retained and converted more than $645,000 in funds for nearly a year.

**PARTIES**

1. Plaintiff Maria Zurabova is an individual who is a United States citizen residing in Florida.

2. Defendant Block, Inc. is a Delaware corporation with a principal place of business at 1455 Market Street, Suite 600, San Francisco, California.

3. Defendant Square Capital, LLC is a Delaware limited liability company with a principal place of business at 1455 Market Street, 8th Floor, San Francisco, California.

4. Defendant Square Financial Services, Inc. is a Utah corporation with a principal place of business in California.

5. Defendants Block, Inc., Square Capital, LLC, and Square Financial Services, Inc., are referred to herein collectively as "**Square**."

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because, upon information and belief, each Defendant's principal place of business is in San Francisco, California.

8. Jurisdiction and Venue is also proper in this district because the parties consented to jurisdiction and venue in the Northern District of California (as well as the state courts in San

Francisco County) according to the ninth paragraph of Section 22 of Square's terms of service between Square and Zurabova (the "**Terms**," a copy of which is attached hereto as **Exhibit A** and could be found at the following url: https://squareup.com/us/en/legal/general/ua).

9. *Divisional Assignment*. Pursuant to L.R. 3-2(d) and 3-5(b), this case should be assigned to the San Francisco Division because, upon information and belief, each Defendant's principal place of business is in San Francisco County, and Defendants committed their wrongful actions and/or omissions out of San Francisco County.

10. As described herein, Zurabova used Square's payment processing services when she purchased diamonds and jewelry from a merchant, making Zurabova and Square party to the Terms.

**FACTS**

11. Between about March 7 and March 9, 2022, Zurabova made several purchases of diamonds and other pieces of jewelry (the "**Merchandise**") from Royal Star Inc., a jeweler in the Diamond District of New York City, located at 36 West 47th Street 204, New York, NY 10036 (the "**Merchant**").

12. For all purposes relevant hereto, the Merchant directed Zurabova to use Square's payment processing services to process all purchases Zurabova made with the Merchant, and by Zurabova making payments through the Square payment processing services, Zurabova and Square became parties to the Terms.

13. The Terms contain an arbitration provision that calls for arbitration before the American Arbitration Associations ("**AAA**"). The Terms contain multiple provision which the AAA considers illegal.

14. Upon information and belief, AAA notified Square multiple times about the illegal provisions in the Terms, yet Square refuses to change them.

15. The Merchant, using Square's payment processing system, tendered to Zurabova approximately twenty-eight (28) separate invoices amounting to $645,083 of Merchandise (the "**Invoices**") that Zurabova was purchasing from the Merchant.

16. Using Square's payment processing services, Zurabova paid the Invoices with several bank debit cards,[1] and the $645,083 (the "**Funds**") was transferred from several bank accounts to the custody of Square, who was then obligated to transfer the Funds to the Merchant.

17. The debit cards used to pay the Invoices were linked to Russian bank accounts, one of which was a Russian Alfa-Bank account in Ms. Zurabova's name.

18. Although Ms. Zurabova is a citizen of the United States, Ms. Zurabova, on account of having family and friends in Russia, and who was – before the Russian invasion of Ukraine – an occasional traveler to Russia, maintained a Russian bank account.

19. At the time of the Merchandise purchases, purchasing goods in the United States by a U.S. person using funds held in a Russian bank account was perfectly legal – and it continues to be legal today.

20. Despite receiving the Funds before any sanctions of Russian banks were in place, and despite the fact that none of the sanctions affected Zurabova's transactions, Square claimed that Alfa Bank was sanctioned and that therefore it could not process Zurabova's purchase of the Merchandise.

---

[1] Some of the Invoices were paid with debit cards in the name of Ms. Zurabova's father, Alexander Zurabov, Ms. Zurabova's brother, Georgii Zurabov, Ms. Zurabova's husband, Andres Rodriguez, and Ms. Zurabova's friend, Elena Nisenbaum. Ms. Zurabova had agreements with her brother, father, and Ms. Nisenbaum regarding these purchases wherein Ms. Zurabova agreed to reimburse them for these purchases at a later time. For all intents and purposes, the Funds belong to Ms. Zurabova and she was ultimately responsible for the Invoices.

21. Square's claim as described in Paragraph 20 above was a false and misleading statement. While Alfa Bank may have been sanctioned, the sanctions did not take effect until March 26, 2022, more than two weeks following Zurabova's payment of the Invoices and Square's receipt of the Funds, and, moreover, the sanctions only covered transactions involving Alfa Bank debt or equity, and not purchases with debit cards, so the sanctions clearly do not apply to Zurabova's transactions as described herein.

22. Instead of transferring the Funds to the Merchant, or returning the Funds to Ms. Zurabova, Square retained the Funds and has refused to return them or even offer any reasonable explanation as to why Square retained the Funds.

23. As Square never paid these Funds to the Merchant, Ms. Zurabova never received the Merchandise for which she paid.

24. Despite numerous requests from Zurabova and the Merchant, Square never released the Funds to the Merchant and never refunded Zurabova the money. Indeed, as of today, almost one year after Square received Zurabova's $645,083, Square continues to retain the Funds, despite having no legal right to retain the Funds.

25. In a letter dated December 16, 2022, Zurabova, through counsel, sent a detailed demand letter and notice of intent to commence arbitration to Square outlining the wrongdoing described herein, in even greater detail (the "**Demand Letter**"). A copy of that Demand Letter, excluding some of its exhibits, which are attached elsewhere to this Complaint, is attached hereto as **Exhibit B**.

26. Zurabova also provided copies of all of the Merchant's invoices provided through Square's system (attached hereto as **Exhibit C**, previously attached as Exhibit 2 to the Demand Letter) as well as proof that these invoices were paid (attached hereto as **Exhibit D** previously attached as Exhibit 3 to the Demand Letter).

27. The Demand Letter also included an email from Square dated December 15, 2022, arguing that Square is entitled to hold the Funds because a card that Zurabova used was tied to a sanctioned Russian bank. (A copy of this email is attached hereto as **Exhibit E**, previously attached as Exhibit 4 to the Demand Letter).

28. Finally, the Demand Letter also included a copy of the Office of Foreign Assets Control (OFAC) sanctions issued against Alfa-Bank. (A copy of this is attached hereto as **Exhibit F**, and previously attached as Exhibit 5 to the Demand Letter).

29. The Demand Letter was sent in compliance with Section 22, second paragraph, of the Terms.

30. The Demand Letter was delivered to Square via Certified Mail, FedEx, First Class Mail, and Email, and complied with the Term's requirements for pre-arbitration notice (Section 22, second paragraph).

31. As of the date hereof, Square has failed to respond to the Demand Letter and failed to release or return the Funds.

32. On Thursday, February 23, 2023, Zurabova filed for arbitration against Square with AAA making substantially the same arguments and allegations as contained herein.

33. On Monday, February 27, 2023, AAA emailed Square and counsel for Zurabova and informed Square that there were multiple provisions of the Square arbitration agreement that violated AAA's policies and principles. AAA asked Square to waive these illegal provisions in order for the arbitration to proceed. AAA informed the parties that if Square refused to waive these illegal provisions, that AAA would not be able to conduct the arbitration, and this dispute would have to be submitted to Court.

34. As of the date hereof, Square has not responded to AAA's aforementioned request, and has otherwise failed to indicate whether or not it will agree to waive these illegal provisions in its arbitration agreement.

## COUNT I

### Conversion

35. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

36. Zurabova transferred and entrusted the Funds to Square as part of its payment processing services, for the sole purpose of Square transferring the Funds to the Merchant for Zurabova's purchase of the Merchandise.

37. As described herein, Square received and accepted the Funds from Zurabova, but failed to transfer the Funds to the Merchant, and failed to return the Funds to Zurabova.

38. After failing to transfer the Funds to the Merchant or returning the Funds to Zurabova, Square has no legal right to the Funds, but Square continues to illegally retain, hold, and convert the Funds.

39. Zurabova was, is, and continues to be damaged by Square's conversion of her property.

## COUNT II

### Breach of Contract

40. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

41. Zurabova and Square are parties to a contract created when Zurabova paid the Invoices provided by Square through Square's funds processing system, and Square accepted the Funds and agreed to transfer the Funds to the Merchant.

42. In addition, Zurabova is a third-party beneficiary of the Merchant's contract with Square.

43. Square breached those contracts by failing to transfer the Funds to the Merchant and also refusing to refund the Funds to Zurabova.

44. Zurabova has been damaged by Square's breach of contract.

## COUNT III

### Breach of Covenant of Good Faith and Fair Dealing

45. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

46. Implied within the contract between Zurabova and Square are covenants of good faith and fair dealing, which prohibit either the parties thereto from unlawfully interfering with the other party's right to receive the benefits of the contract.

47. Zurabova performed all of her duties and obligations under the contract.

48. Square unjustly, unfairly, and in bad faith, interfered with Zurabova's benefits that Zurabova reasonably anticipated receiving under the contract.

49. Zurabova has suffered direct harm and damages as a result of Square's actions and omissions, for which Square is liable.

## COUNT IV

### Promissory Estoppel

50. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

51. When Zurabova paid the Invoices provided by the Merchant and Square, Square implicitly or explicitly promised that it would then transfer the Funds to the Merchant.

52. Square failed to transfer the Funds to the Merchant and refused to refund the Funds to Zurabova.

53. Zurabova has been damaged by Square's breach of its promise, and Zurabova can only be made whole if Square processes the referenced payments, or refunds the Funds to Zurabova.

## COUNT V

**Breach of the California Consumers Legal Remedies Act – Cal. Civil Code §§1750 *et seq***

54. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

55. For all times relevant hereto, Zurabova is a consumer for the purposes of Cal. Civil Code §§1750.

56. For all times relevant hereto, Square is a business for the purposes of Cal. Civil Code §§1750.

57. Zurabova and Square entered into a transaction wherein Zurabova transferred funds to Square, and Square, as a payment processor, was to transfer these funds to the Merchant.

58. Square failed to transfer the Funds to the Merchant and refused to refund the Funds to Zurabova.

59. For the reasons stated herein, Square's actions and omissions are unfair and deceptive under the meaning of Cal. Civil Code §§1750.

60. Zurabova has been damaged by Square's unfair and deceptive acts and practices.

## COUNT VI

**UNLAWFUL AND UNFAIR BUSINESS PRACTICES**

61. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

62. By their conduct as set forth herein, Square has willfully or knowingly engaged in fraudulent, deceptive, unlawful, unfair, and/or other wrongful acts and practices.

63. Without limitation, Square's actions and omissions have been in violation of California Business and Professions Code Section 17200 *et seq*.

64. As a result, Zurabova has suffered harm and damages for which Square is liable.

## COUNT VII

### Unjust Enrichment

65. Zurabova hereby repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

66. By engaging in the acts and omissions described herein, Square received the Funds and refused to transfer the Funds to the Merchant or refund them to Zurabova.

67. By retaining the Funds, Square has been unjustly enriched by Zurabova, and equity and good conscience require Square to make restitution to Zurabova for the Funds that Square has inequitably retained from Zurabova.

### A JURY TRIAL IS DEMANDED ON ALL COUNTS SO TRIABLE

### REQUESTED RELIEF

WHEREFORE, Zurabova prays that this Honorable Court award the following:

1. Enter judgment for Zurabova on all Counts of her Complaint;
2. Enjoin Square from retaining the Funds and ORDER Square to promptly remit the Funds to Zurabova;

3. Award Zurabova damages as determined at trial, plus attorneys' fees, interest and costs as provided by law and by the Terms;

4. Award Zurabova statutory damages, punitive damages, and attorneys' fees on account of Square's violation of the California Consumers Legal Remedies Act – Cal. Civil Code §§1750 *et seq.* and other applicable provisions of law; and

5. Grant Zurabova such other relief as this Court deems just.

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By: /s/ *Matthew Shayefar*
MATTHEW SHAYEFAR
Attorney for Plaintiff

Dated: March 3, 2023