# EXHIBIT B

# BOSTON LAW GROUP, PC

ATTORNEYS AT LAW
825 BEACON STREET, SUITE 20
NEWTON CENTRE, MASSACHUSETTS 02459

Main (617) 928-1800

Fax (617) 928-1802

**Via Federal Express and Email – square@help-messaging.squareup.com**

December 16, 2022

Block, Inc.
Attn: Legal Department
1455 Market Street, Suite 600
San Francisco, CA 94103
square@help-messaging.squareup.com

### RE: Notice of Intent to Commence Arbitration – Maria Zurabova Dispute – Purchases through Royal Star Inc.[1]

Dear Block, Inc., Square Capital, LLC, and Square Financial Services, Inc.,

Please take notice that this law firm is legal counsel to Ms. Maria Zurabova ("Ms. Zurabova") a United States citizen and resident. A copy of Ms. Zurabova passport is attached hereto as Exhibit 1. This firm represents Ms. Zurabova with respect to her dispute with Block, Inc., Square Capital, LLC, and Square Financial Services, Inc., (collectively "Square" or "You") as described herein. Please direct all correspondence in this matter to my attention.

Please accept this letter as a "Notice" (as defined in Section 22 of Square's terms of service (the "Terms")) of Ms. Zurabova's intent to commence arbitration against Square.[2] Pursuant to Section 22 of the Terms, You have sixty (60) days from the date hereof to remedy my client's dispute. If you fail to do so, Ms. Zurabova will file for binding arbitration against Square in accordance with the Terms. A description of Ms. Zurabova's claim is as follows:

### FACTUAL DESCRIPTION

On or about March 7 through March 9, 2022, Ms. Zurabova purchased several diamonds and other pieces of jewelry (the "Merchandise") from a jeweler in the Diamond District of New York City, Royal Start Inc. at 36 West 47th Street 204, New York, NY 10036 with an email address of royalstardiamound@aol.com (the "Vendor"). The Vendor was, and still is, a Square customer with a Square merchant account. Ms. Zurabova's Merchandise purchase was quite sizeable. Indeed, Ms. Zurabova's Merchandise purchased consisted of **$645,083** worth of diamonds and jewelry. To facilitate this purchase, the Vendor used Square as the payment processor. Through Square's system, the Vendor tendered Ms. Zurabova with twenty-eight (28)[3]

---

[1] Please note Ms. Zurabova has sent a demand identical to this one to Square's Arbitration Provision address, with the exception that the Invoices (as defined herein) are attached here and are not in the separate demand package.
[2] Ms. Zurabova does not have an account with Square and has not seen proof that she is subject to Square's Terms. Ms. Zurabova is complying with the Terms in an effort to expedite the resolution of this matter. Ms. Zurabova reserves all rights to challenge the applicability of the Terms to her at a later date.
[3] Ms. Zurabova has twenty-four of these invoices in her possession but has payment confirmations with respect to every single Invoice.

separate invoices (the "Invoices") covering the $645,083 in Merchandise. Copies of the Invoices in Ms. Zurabov's possession are attached hereto as Exhibit 2. The Invoices were sent through the Vendor's Square merchant account. Ms. Zurabova[4] paid for all of the Invoices using several different debit cards. These debit cards were linked to Russian bank accounts, one of which was an Alfa-Bank account in Ms. Zurabova's name. Despite being a citizen of the United States, Ms. Zurabova, on account of having family and friends in Russia, and, before the Russian invasion of Ukraine, was an occasional traveler to Russia, maintained a Russian bank account.

After paying for the Invoices, Ms. Zurabova received payment confirmation notices from Square with respect to the Invoices. Copies of these payment confirmations are attached hereto as Exhibit 3.[5] The bank accounts tied to the debit cards used to purchase the Merchandise were all debited for the respective purchases, and the entire $645,083 (the "Funds") were transferred to Square. At the time of the purchase of the Merchandise, purchasing goods in the United States by a US person using funds held in a Russian bank account was perfectly legal – and it continues to be legal today.[6] Despite Square accepting the payments through its system and Square receiving the Funds, Square refused or otherwise failed to transfer these funds to the Vendor in accordance with its obligations as Vendor's payment processor. Suspiciously, Square did not reject receipt of the funds from the relevant bank accounts. Instead of transferring the Funds to the Vendor or refunding this amount to Ms. Zurabova, Square retained the funds for its own benefit. As Square never paid these funds to the Vendor, Ms. Zurabova never received the Merchandise for which she paid.

Despite *numerous* requests from Ms. Zurabova and the Vendor, Square never released the Funds to the Vendor, nor refunded Ms. Zurabova this money. Indeed, as of today, **more than nine (9) months after Square received Ms. Zurabova's $645,083, Square continues to keep this money and has failed to transfer these funds to the Vendor**.

On December 15, 2022, more than nine-months after Square took possession of Ms. Zurabova's Funds, Square sent an email to the Vendor wherein Square alleged that the reason that it failed to transfer the Funds to the Vendor was because Ms. Zurabova's debit card was "issued by a Russian bank that is on the Specially Designated Nationals and Blocked Persons List ("SDN List") administered by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury." A copy of this email is attached hereto as Exhibit 4 (the "Email"). Square's position expressed in the Email is completely unfounded in law and is a lackluster attempt to deflect responsibility for Square's clear liability in this matter. While Alfa-Bank may be subject to certain sanctions by OFAC, Ms. Zurabova certainly is not. Ms.

---

[4] Some of the Invoices were paid with debit cards in the name of Ms. Zurabova's father, Alexander Zurabov, Ms. Zurabova's brother, Georgii Zurabov, Ms. Zurabova's husband, Andres Rodriguez, and Ms. Zurabova's friend, Elena Nisenbaum. Ms. Zurabova had agreements with her brother, father, and Ms. Nisenbaum regarding these purchases wherein Ms. Zurabova agreed to reimburse them for these purchases at a later time. For all intents and purposes, Ms. Zurabova was ultimately responsible for the Invoices under her brother's, father's, husband's, and Ms. Nisenbaum's name.

[5] Three of these payment confirmations were provided by the Vendor which is why they are in a different format.
[6] I am aware that various sanctions were placed on Russian banks following the brutal and illegal invasion of Ukraine in February of 2022, but I am unaware of any such sanctions which made it illegal or improper for a U.S. citizen or resident to use funds held in a Russian bank account for a purchase in the United States for a U.S. person that were in place on or around March 7-9 2022.

Zurabova is a U.S. citizen who happens to have held property in a Russian bank account.  The Funds transferred to Square were not the property of Alfa-Bank, rather, they were Ms. Zurabova's property, and thus were not subject to sanctions.

The foregoing notwithstanding, the sanctions applied to Alfa-Bank are completely unrelated to the transactions between Ms. Zurabova and the Vendor (the "Transactions").  For reference, the sanctions issued against Alfa-Bank by OFAC are enclosed herewith as Exhibit 5. As You can see, the only sanctions Alfa-Bank is subject to is a prohibition from "transactions in, provision of financing for, and other dealings in new debt of longer than 14 days maturity or new equity where such new debt or new equity is issued on or after the 'Effective Date (EO 14024 Directive)'."  As the Transactions for the Merchandise have nothing to do with Alfa-Bank's debt or equity, the Transactions are clearly permitted.  Moreover, as You can see from Exhibit 5, the effective date of the sanctions was March 26, 2022, more than two weeks following the Transactions, so even if the Transactions was prohibited under the OFAC sanctions (which they were not) these sanctions were indisputably inapplicable at the time of the Transactions.

### DEMAND FOR RELIEF

These above referenced actions and omissions by Square constitute breach of contract and/or promissory estoppel, unfair trade practices, conversion, and unjust enrichment.

As Square has improperly retained Ms. Zurabova's $645,083 for nine (9) months, and deprived Ms. Zurabova of the use of these funds during that time period, to resolve Ms. Zurabova's claims, Ms. Zurabova demands an immediate return, within the next ten (10) days, of **the entire $645,083 plus prejudgment interest in the amount of $33,400, for a total payment of $678,483.**[7]  Payment can be made in the form of a check or wire made out to Boston Law Group, PC as attorneys for Maria Zurabova.

If Square refuses this demand, Ms. Zurabova will commence arbitration against Square in sixty (60) days after the date of this Notice in accordance with the Terms.

This letter is not intended to constitute, nor shall it be deemed to constitute, a full statement of all facts, rights or claims relating to this matter, nor is it intended, nor shall it be construed as a waiver, release or relinquishment of any defenses, rights or remedies available to my client, whether legal or equitable, all of which are hereby expressly reserved.

If you would like to discuss this matter further, you may reach me at 617-928-1804 or vgurvits@bostonlawgroup.com.

Very Truly Yours,

Val Gurvits

---

[7] According to Cal. Civil Code §3288(a), a plaintiff is entitled to seven percent (7%) annualized simple interest in a claim like this.  As such Ms. Zurabova would certainly be awarded prejudgment interest in arbitration.  $645,083 at an annual rate of 7% equals approximately $33,400 in interest which Ms. Zurabova would be awarded at arbitration, so Ms. Zurabova demands this amount to compensate her for the deprivation of use of these funds.

# **EXHIBIT 1**



SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

3

PASSPORT
PASSEPORT
PASAPORTE

USA

UNITED STATES OF AMERICA

Type / Type / Tipo    Code / Code / Código    Passport No. / No. du Passeport / No. de Pasaporte
P    USA

Surname / Nom / Apellidos
ZURABOVA

Given Names / Prénoms / Nombres
MARIA

Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA

Date of birth / Date de naissance / Fecha de nacimiento

Place of birth / Lieu de naissance / Lugar de nacimiento
RUSSIA

Date of issue / Date de délivrance / Fecha de expedición

Date of expiration / Date d'expiration / Fecha de caducidad

Sex / Sexe / Sexo
F

Authority / Autorité / Autoridad
United States
Department of State

USA

Endorsements / Mentions Spéciales / Anotaciones
SEE PAGE 27

P<USAZURABOVA<<MARIA<<<<<<<<<<<<<<<<<<<<<<<<