# EXHIBIT G

## BOERSCH & ILLOVSKY LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

boersch-illovsky.com
o: 415.500.6640

April 11, 2023

**VIA ELECTRONIC MAIL**

Sue Anne Esterly-Parrish
Case Filing Specialist
American Arbitration Association
Voorhees, NJ 08043
EsterlyParrishS@adr.org

Re:  Case Number: 01-23-0000-7762

Dear Ms. Esterly-Parrish:

We represent Respondents Block, Inc., Square Capital, LLC, and Square Financial Services, Inc. We have received correspondence requesting that Respondents sign a waiver of certain provisions of an arbitration clause that Claimant attached to her demand for arbitration.

AAA should decline to administer this dispute or suspend administration of this arbitration without demanding any waiver from Respondents for at least three reasons: (1) the "General Terms of Service" attached to Claimant's demand is not a contract between Claimant and Respondents, and does not apply to this dispute, (2) even if the parties here had entered into an agreement to arbitrate (which they have not), Claimant has also filed a lawsuit asserting the same allegations and thus waived arbitration, and (3) Respondent Block has registered a different consumer arbitration provision under AAA's Consumer Arbitration Rules and that agreement does not include the provisions that AAA flags in its request for waiver.

*First*, Claimant has no contractual relationship at all with Respondents. She did not agree to Block's consumer arbitration clause, and she did not have any other agreement with Block; she claims only that she tried to purchase goods from a merchant and that the merchant had a contractual relationship with Block. Section 1 of the General Terms of Service attached to the demand for arbitration states: "You must open an account with us (a "Square Account") to use the Services."  Claimant does not allege that she ever opened a "Square Account." Instead, she claims that she used debit cards to attempt to make purchases from a merchant. It was the merchant that had a Square Account, not Claimant. Accordingly, Block has not agreed to arbitrate with Claimant.

Sue Anne Esterly-Parrish
April 11, 2023
Page 2

*Second*, Claimant has filed a federal lawsuit in the United States District Court for the Northern District of California, Case No. 4:23-cv-00953-KAW (filed March 3, 2023). As a result, even if AAA were to consider the "General Terms of Service" attached to Claimant's demand (and it should not), Claimant has intentionally waived arbitration. *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (explaining that there is no longer a heavy burden to show a waiver of the right to arbitration; waiver may be found if the party seeking arbitration: (1) had knowledge of an existing right to compel arbitration and (2) intentionally acted inconsistently with that existing right). Similarly, the California Supreme Court has noted an interest in avoiding "potential inconsistency in outcome as well as duplication of effort" in circumstances where parallel court action and arbitration are both pending. *See Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 393 (2005) (holding that California Code of Civil Procedure section 1281.2 allowing discretion where there are parallel proceedings is permissible under federal law). Claimant should not be permitted to proceed with an arbitration and a lawsuit simultaneously here.

*Third*, Block has registered a consumer arbitration provision in AAA's registry that contains terms that are entirely different than the "General Terms of Service" that Claimant attached to her Demand. Block's registered consumer arbitration clause does not contain the provisions that AAA suggests deviate from the Consumer Arbitration Rules or the due process standards of the Consumer Due Process Protocol.

Specifically, Block's consumer arbitration clause in AAA's registry does not state that any arbitration hearing must occur in San Francisco. Rather, the arbitration clause references Consumer Rule D-3(b) and calls for an arbitration "through the submission of documents to one arbitrator." It further provides: "To the extent any in-person arbitration hearing is required, the arbitration hearing will take place as close to your hometown as practicable." Block's registered consumer arbitration clause also contains a provision that allows eligible matters to be litigated in small claims court and does not contain the language that AAA quotes as problematic (i.e., that "the Dispute will be heard in the appropriate small claims court, with no fees due from the arbitration respondent").

Given that Block's registered consumer arbitration clause does not contain the provisions that AAA believes deviate from the Consumer Rules and/or Protocol, and because Block's "General Terms of Service" is not a contract between the parties here, Respondents believe waiver of its terms is not appropriate. Respondents, instead, respectfully request that AAA decline to administer this dispute or suspend administration of this arbitration in accordance with the federal and state law described above.

Sue Anne Esterly-Parrish
April 11, 2023
Page 3

Best regards,

Kevin Calia


CC:    Valentin Gurvits, Esq.
          Counsel for Claimant
          vgurvits@bostonlawgroup.com