Lennette W. Lee (SBN 263023)
llee@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Leigh Nathanson (admitted *pro hac vice*)
lnathanson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Attorneys for Defendants
BLOCK, INC., SQUARE CAPITAL, LLC, and
SQUARE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MARIA ZURABOVA,<br><br>        Plaintiff,<br><br>vs.<br><br>BLOCK, INC.;<br>SQUARE CAPITAL, LLC; and<br>SQUARE FINANCIAL SERVICES, INC.<br><br>        Defendants. | Case No. 4:23-cv-00953-JST<br>*Assigned to the Honorable Jon S. Tigar in Courtroom 6*<br><br>**DEFENDANTS BLOCK INC., SQUARE CAPITAL, LLC, AND SQUARE FINANCIAL SERVICES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    September 14, 2023<br>Time:   2:00 p.m.<br>Ctrm.:  6<br>Before the Hon. Jon S. Tigar |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Defendants Block, Inc., Square Capital, LLC, and Square Financial Services, Inc., hereby respectfully request that the Court take judicial notice of certain documents in connection with Defendants' Motion to Dismiss Plaintiff Maria Zurabova's Complaint.

In considering Defendants' Motion to Dismiss, this Court may rely not only on Plaintiff's allegations, but also on "documents incorporated by reference and matters subject to judicial notice." *Chavez v. Robinson*, 12 F.4th 978, 982 n.1 (9th Cir. 2021) (citations omitted). A document is incorporated by reference whenever "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quotation marks omitted); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Even if a document is not incorporated by reference, the Court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d).

### I. Selected Portions of the Federal Register are Judicially Noticeable.

**Exhibit A** is a true and correct copy of a selected portion of the Federal Register from May 31, 2022, Vol. 87, No. 104, pp. 32303–07, the "Publication of Financial Services Sectoral Determination and Directives 1A, 2, 3, and 4 Under Executive Order 13024 as of April 15, 2021. **Exhibit B** is a true and correct copy of Executive Order 14024, issued on April 15, 2021, Blocking Property With Respect to Specified Harmful Foreign Activities of the Russian Federal Government, published at 86 Fed. Reg. 20249–52 (April 19, 2021).

Exhibits A and B are selected portions of the Federal Register and are therefore judicially noticeable by statute. 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed."); *see Cal. Sportfishing Protection Alliance v. Shiloh Grp., LLC*, 258 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) (taking judicial notice of portions of Federal Register).

## II. Square's Payment Terms are Judicially Noticeable and Should be Incorporated by Reference into the Complaint.

**Exhibit C** is a true and correct copy of Square's Payment Terms that were in effect at the time of Plaintiff's purchase. Square's Payment Terms are incorporated by reference into Plaintiff's Complaint. Plaintiff refers extensively to Square's "Terms," *see* Dkt. 16 at ¶¶ 8, 12–14, 17, which included "General Terms and any policies referenced within. …" Dkt. 16 at ¶ 17. One such policy "referenced within" is Square's "Payment Terms," which apply to the use of Square's Payment Services. Dkt. 16-1 at 3 ("You also agree to any additional terms specific to Services," including Payment Terms, which "apply to all Payment Services." ); *id.* at 14 ("See Payment Terms for terms applicable to Payment Services."); *id.* at 17 ("In addition to any payment obligations under the Payment Terms, the following sections of these General Terms survive and remain in effect in accordance with their terms upon termination. . . .") (emphasis added). Accordingly, the Payment Terms are incorporated by reference. *See, e.g.*, *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1066 (N.D. Cal. Mar. 5, 2018) (finding contracts "not physically attached to the complaint" were incorporated by reference because plaintiff "referenced all of [them] in his complaint").

## III. OFAC's Announcement of Full-Blocking Sanctions Against Alfa-Bank is Judicially Noticeable.

**Exhibit D** is a true and correct copy of a press release issued on April 6, 2022, by the United States Department of Treasury Office of Foreign Assets Control ("OFAC") announcing its designation of Joint Stock Company Alfa-Bank pursuant to E.O. 14024 for operating or having operated in the financial services sector of the Russian Federation economy.[1]

Official documents produced by administrative agencies of the United States government are the appropriate subject of judicial notice under Fed. R. Evid. 201. *See, e.g.*, *Bautista-Rosario v. Mnuchin*, 568 F.Supp.3d 1, 9 (D.D.C. 2021) (taking judicial notice of report published by U.S State Department on its website); *Marmol v. St. Jude Med. Ctr.*, 132 F.Supp.3d 1359, 1364 (M.D. Fla. 2015) (recognizing that courts "routinely take[] judicial notice of public records on the FDA's

---

[1] United States Department of the Treasury, *U.S. Treasury Escalates Sanctions on Russia for Its Atrocities in Ukraine* (April 6, 2022), at https://home.treasury.gov/news/press-releases/jy0705.

website, without converting a motion to dismiss into a motion for summary judgment, because such documents satisfy the requirement of Rule 201"); *Fortuna v. Town of Winslow*, 607 F. Supp. 3d 29, 35–36 (D. Me. 2022) (taking judicial notice of "dates and contents of official CDC guidance publications . . . that are not in dispute"). OFAC's official announcement concerning its designation of Alfa-Bank pursuant to Executive Order 14024 is not subject to reasonable dispute, and the Court should take judicial notice of this official agency record.

### IV. Russian President Vladimir Putin's Executive Order Announcing Sanctions is Judicially Noticeable.

**Exhibit E** is a true and correct copy of a press release published on the official website of the President of Russia, dated March 1, 2022, announcing "Executive Order On Additional Temporary Economic Measures to Ensure the Financial Stability of the Russian Federation."[2]

"A court may take judicial notice of public records of governmental entities and authoritative sources of foreign law, including information posted on government websites. . . ." *In re Jommi*, No. 13-80212, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013). This announcement, which is publicly accessible on the official website of the President of Russia, is a public record of the Russian Federation, and is therefore the appropriate subject of judicial notice. Defendants request only that the Court take judicial notice of the existence and contents of this announcement, not the truth of those contents.[3]

### V. Visa's Press Release Announcing Suspension of Russian Operations is Judicially Noticeable.

**Exhibit F** is a true and correct copy of a press release published on Visa Inc.'s website dated March 5, 2022, announcing Visa's intention to cease all transactions, including those initiated

---

[2] President of Russia, *Executive Order On Additional Temporary Economic Measures to Ensure the Financial Stability of the Russian Federation* (March 1, 2022), at http://en.kremlin.ru/events/president/news/67886.

[3] This announcement includes commentary by the Russian Federation concerning United States foreign policy. The Court's taking judicial notice of this document is an acknowledgment that the document exists, not a determination that the assertions contained therein are truthful. *Givens v. Newsom*, 459 F. Supp. 3d 1302, 1310 (E.D. Cal. 2020) (taking judicial notice of contents of documents, not truth of those contents).

with Visa cards issued in Russia.[4]

This press release, published to Visa's official website and accessible to the public, is judicially noticeable as a matter of public record. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (recognizing that "documents appear[ing] on publicly available websites" are "proper subjects for judicial notice"); *Woodside Inv., Inc. v. Complete Bus. Sol. Grp., Inc.*, No. 20 Civ 00042, 2020 WL 869206, at *2 (E.D. Cal. Feb. 21, 2020) (taking judicial notice of website because website "is a matter of public record"); *In re Jommi*, 2013 WL 6058201, at *1 n.1 (recognizing that court may "take notice of undisputed information on a private entity's website").

### VI. Government-Issued Guidance on Money Laundering and Terrorist Financing "Red Flags" is Judicially Noticeable.

**Exhibit G** is a true and correct copy of Appendix F: Money Laundering and Terrorist Financing "Red Flags" to the Bank Secrecy Act/Anti-Money Laundering Examination Manual issued by the Federal Financial Institutions Examination Council.[5] This official government-issued guidance is judicially noticeable under Rule 201. *See, e.g.*, *In re Calpine Corp. Sec. Lit.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking judicial notice of guidance issued by SEC and obtained from SEC website).

For these reasons, the Court should take judicial notice of Exhibits A, B, C, D, E, F, and G, and consider them in connection with Defendants' Motion to Dismiss.

---

[4] Andy Gerlt, *Visa Suspends All Russia Operations* (March 5, 2022), at https://usa.visa.com/about-visa/newsroom/press-releases.releaseId.18871.html.

[5] Federal Financial Institutions Examination Council, *Appendix F: Money Laundering and Terrorist Financing "Red Flags," Bank Secrecy Act/Anti Money Laundering Manual* (last accessed June 23, 2023), at https://bsaaml.ffiec.gov/manual/Appendices/07.

Dated: June 29, 2023

**KING & SPALDING, LLP**

By: */s/ Lennette W. Lee*
Lennette W. Lee (SBN 263023)
llee@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Leigh Nathanson (admitted *pro hac vice*)
lnathanson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Attorneys for Defendants
BLOCK, INC., SQUARE CAPITAL, LLC,
and SQUARE FINANCIAL SERVICES, INC.