# Exhibit A

Vertu Road West, Dorval, Québec H4S 1Y9, Canada; telephone 514–855–2999; email *ac.yul@aero.bombardier.com;* internet *https://www.bombardier.com.*

(4) You may view this service information at the FAA, Airworthiness Products Section, Operational Safety Branch, 2200 South 216th St., Des Moines, WA. For information on the availability of this material at the FAA, call 206–231–3195.

(5) You may view this service information that is incorporated by reference at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, email *fr.inspection@nara.gov,* or go to: *https://www.archives.gov/federal-register/cfr/ibr-locations.html.*

Issued on May 6, 2022.

**Gaetano A. Sciortino,**

*Deputy Director for Strategic Initiatives, Compliance & Airworthiness Division, Aircraft Certification Service.*

[FR Doc. 2022–11531 Filed 5–27–22; 8:45 am]

**BILLING CODE 4910–13–P**

---

## DEPARTMENT OF THE TREASURY

### Office of Foreign Assets Control

### 31 CFR Part 587

### Publication of Financial Services Sectoral Determination and Directives 1A, 2, 3, and 4 Under Executive Order 14024 of April 15, 2021

**AGENCY:** Office of Foreign Assets Control, Treasury.

**ACTION:** Publication of one determination and four directives.

**SUMMARY:** The Department of the Treasury's Office of Foreign Assets Control (OFAC) is publishing a sectoral determination by the Secretary of the Treasury, in consultation with the Secretary of State, and four Russian Harmful Foreign Activities Sanctions directives in the **Federal Register**. The determination and four directives, all issued pursuant to an April 15, 2021 Executive Order, were previously issued on OFAC's website.

**DATES:** The Determination Pursuant to Section 1(a)(i) of Executive Order 14024 was issued on February 22, 2022 and took effect immediately. Directive 1A under Executive Order (E.O.) 14024, ''Prohibitions Related to Certain Sovereign Debt of the Russian Federation,'' was issued on February 22, 2022, and the prohibitions therein took effect on March 1, 2022. Directive 2 under E.O. 14024, ''Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions,'' was issued on February 24, 2022, and the prohibitions therein took effect on March 26, 2022. Directive 3 under E.O. 14024, ''Prohibitions Related to New Debt and Equity of Certain Russia-related Entities,'' was issued on February 24, 2022 and the prohibitions therein took effect on March 26, 2022. Directive 4, ''Prohibitions Related to Transactions Involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation,'' was issued on February 28, 2022 and took effect immediately.

**FOR FURTHER INFORMATION CONTACT:** OFAC: Assistant Director for Licensing, 202–622–2480; Assistant Director for Regulatory Affairs, 202–622–4855; or Assistant Director for Sanctions Compliance & Evaluation, 202–622–2490.

**SUPPLEMENTARY INFORMATION:**

### Electronic Availability

This document and additional information concerning OFAC are available on OFAC's website: *www.treas.gov/ofac.*

### Background

On April 15, 2021, the President, invoking the authority of, *inter alia,* the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*), issued Executive Order (E.O.) 14024 (86 FR 20249, April 19, 2021).

In E.O. 14024, the President found that specified harmful foreign activities of the Government of the Russian Federation—in particular, efforts to undermine the conduct of free and fair democratic elections and democratic institutions in the United States and its allies and partners; to engage in and facilitate malicious cyber-enabled activities against the United States and its allies and partners; to foster and use transnational corruption to influence foreign governments; to pursue extraterritorial activities targeting dissidents or journalists; to undermine security in countries and regions important to United States national security; and to violate well-established principles of international law, including respect for the territorial integrity of states—constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States and declared a national emergency to deal with that threat.

Among other things, section 1 of E.O. 14024 blocks all property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person of any person determined by the Secretary of the Treasury, in consultation with the Secretary of State, to operate or have operated in the technology sector or the defense and related materiel sector of the Russian Federation economy, or any other sector of the Russian Federation economy as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State.

On February 22, 2022, the Secretary of the Treasury, in consultation with the Secretary of State, determined that section 1(a)(i) of E.O. 14024 shall apply to the financial services sector of the Russian Federation economy (''February 22, 2022 Determination Pursuant to Section 1(a)(i) of Executive Order 14024''). Pursuant to this determination, any person that the Secretary of Treasury, in consultation with the Secretary of State, or the Secretary of State, in consultation with the Secretary of the Treasury (or their respective designees), subsequently determines operates or has operated in the financial services sector of the Russian Federation economy shall be subject to the prohibitions described in section 1(a)(i) of E.O. 14024.

On February 22, 2022, the Director of OFAC issued Directive 1A under E.O. 14024, ''Prohibitions Related to Certain Sovereign Debt of the Russian Federation'' (Russia-related Sovereign Debt Directive), replacing and superseding Directive 1 under E.O. 14024 of April 15, 2021 (86 FR 35867, July 7, 2021), to extend existing sovereign debt prohibitions to cover participation in the secondary market for bonds issued after March 1, 2022 by the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation, effective March 1, 2022.

On February 24, 2022, the Director of OFAC issued Directive 2 under E.O. 14024, ''Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions'' (Russia-related CAPTA Directive), which prohibits U.S. financial institutions from: (i) The opening or maintaining of a correspondent account or payable-through account for or on behalf of foreign financial institutions determined to be subject to the prohibitions of the Russia-related CAPTA Directive; and (ii) the processing of transactions involving foreign financial institutions determined to be subject to the prohibitions of the Russia-related CAPTA Directive. The effective date of these prohibitions with

respect to the entities listed in Annex 1 to the Russia-related CAPTA Directive, or foreign financial institutions that are 50 percent or more owned, directly or indirectly, individually or in the aggregate, by one or more such entities, is March 26, 2022; for other entities determined to be subject to the Russia-related CAPTA Directive, or foreign financial institutions that are 50 percent or more owned, directly or indirectly, individually or in the aggregate, by one or more such entities, these prohibitions take effect at 12:01 a.m. eastern time on the date that is 30 days after the date of such determination.

Additionally, on February 24, 2022, the Director of OFAC issued Directive 3 under E.O. 14024, "Prohibitions Related to New Debt and Equity of Certain Russia-related Entities" (Russia-related Entities Directive), to prohibit all transactions in, provision of financing for, and other dealings in new debt of longer than 14 days maturity or new equity where such new debt or new equity was issued on or after 12:01 a.m. eastern daylight time, March 26, 2022 by the entities listed in Annex 1 to that directive, or their property or interests in property. These same prohibitions also apply to any entity subsequently determined to be subject to the prohibitions of the Russia-related Entities Directive, or its property or interests in property, beginning on or after 12:01 a.m. eastern time on the date that is 30 days after the date of such determination.

On February 28, 2022, the Director of OFAC issued Directive 4 under E.O. 14024, "Prohibitions Related to Transactions Involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation" (Russia-related Sovereign Transactions Directive), which prohibits U.S. persons from engaging in any transaction involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation, including any transfer of assets to such entities or any foreign exchange transaction for or on behalf of such entities.

The texts of the February 22, 2022 Determination Pursuant to Section 1(a)(i) of E.O. 14024, the Russia-related Sovereign Debt Directive, the Russia-related CAPTA Directive, the Russia-related Entities Directive, and the Russia-related Sovereign Transactions Directive are below.

**Determination Pursuant to Section 1(a)(i) of Executive Order 14024**

Section 1(a) of Executive Order (E.O.) 14024 of April 15, 2021 ("Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation") imposes economic sanctions on any person determined by the Secretary of the Treasury, in consultation with the Secretary of State, or the Secretary of State, in consultation with the Secretary of the Treasury, to operate or have operated in such sectors of the Russian Federation economy as may be determined, pursuant to section 1(a)(i) of E.O. 14024, by the Secretary of the Treasury, in consultation with the Secretary of State.

To further address the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States described in E.O. 14024, and in consultation with the Secretary of State, I hereby determine that section 1(a)(i) shall apply to the financial services sector of the Russian Federation economy. Any person that I or my designee, in consultation with the Secretary of State or the Secretary of State's designee, or the Secretary of State or the Secretary of State's designee, in consultation with me or my designee, subsequently determine operates or has operated in such sector shall be subject to sanctions pursuant to section 1(a)(i).

This determination shall take effect upon publication by the Director of the Office of Foreign Assets Control on the Department of Treasury's website.

Janet L. Yellen

**Office of Foreign Assets Control**

**Directive 1A [1] Under Executive Order 14024**

*Prohibitions Related to Certain Sovereign Debt of the Russian Federation*

Pursuant to sections 1(a)(iv), 1(d), and 8 of Executive Order 14024, "Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation" (the "Order"), the Director of the Office of Foreign Assets Control has determined, in consultation with the Department of State, that the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation are political subdivisions, agencies, or instrumentalities of the Government of the Russian Federation, and that the following activities by a U.S. financial institution are prohibited, except to the extent provided by law, or unless licensed or otherwise authorized by the Office of Foreign Assets Control:

(1) As of June 14, 2021, participation in the primary market for ruble or non-ruble denominated bonds issued after June 14, 2021 by the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation;

(2) as of June 14, 2021, lending ruble or non-ruble denominated funds to the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation; and

(3) as of March 1, 2022, participation in the secondary market for ruble or non-ruble denominated bonds issued after March 1, 2022 by the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation.

For the purposes of this Directive, the term "U.S. financial institution" means any U.S. entity (including its foreign branches) that is engaged in the business of accepting deposits, making, granting, transferring, holding, or brokering loans or credits, or purchasing or selling foreign exchange, securities, futures or options, or procuring purchasers and sellers thereof, as principal or agent. It includes depository institutions, banks, savings banks, money services businesses, operators of credit card systems, trust companies, insurance companies, securities brokers and dealers, futures and options brokers and dealers, forward contract and foreign exchange merchants, securities and commodities exchanges, clearing corporations, investment companies, employee benefit plans, dealers in precious metals, stones, or jewels, and U.S. holding companies, U.S. affiliates, or U.S. subsidiaries of any of the foregoing. This term includes those branches, offices, and agencies of foreign financial institutions that are located in the United States, but not such institutions' foreign branches, offices, or agencies.

All other activities with entities determined to be subject to the prohibitions of this Directive, or involving their property or interests in property, are permitted, provided that

---

[1] A prior version of this Directive, which was issued on April 15, 2021 and which is replaced and superseded by this version, prohibited the same activities with respect to participation in the primary market for ruble or non-ruble denominated bonds issued after June 14, 2021 by the entities determined to be subject to the Directive, and with respect to lending ruble or non-ruble denominated funds to the entities determined to be subject to the Directive.

such activities are not otherwise prohibited by law, the Order, or any other sanctions program implemented by the Office of Foreign Assets Control.

Except to the extent otherwise provided by law or unless licensed or otherwise authorized by the Office of Foreign Assets Control, the following are also prohibited: (1) Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions of this Directive; and (2) any conspiracy formed to violate any of the prohibitions of this Directive.

A listing of entities determined to be subject to the prohibitions of this Directive can be found in the Office of Foreign Assets Control's Non-SDN Menu-Based Sanctions (NS–MBS) List on the Office of Foreign Assets Control website (*www.treas.gov/ofac*).

February 22, 2022.
Andrea M. Gacki,
*Director, Office of Foreign Assets Control.*

**Office of Foreign Assets Control**

**Directive 2 Under Executive Order 14024**

*Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions*

Pursuant to sections 1(a), 1(d), and 8 of Executive Order 14024, ''Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation'' (the ''Order''), and following the Secretary of the Treasury's determination, in consultation with the Secretary of State, under section 1(a)(i) of the Order with respect to the financial services sector of the Russian Federation economy, the Director of the Office of Foreign Assets Control, in consultation with the Department of State, has determined that the following activities by a U.S. financial institution are prohibited, except to the extent provided by law, or unless licensed or otherwise authorized by the Office of Foreign Assets Control:

(1) The opening or maintaining of a correspondent account or payable-through account for or on behalf of foreign financial institutions determined to be subject to the prohibitions of this Directive, or their property or interests in property; and

(2) the processing of a transaction involving foreign financial institutions determined to be subject to the prohibitions of this Directive, or their property or interests in property.

The prohibitions of this Directive apply only with respect to a U.S. financial institution's opening or maintaining of a correspondent account or payable-through account for or on behalf of, or processing of a transaction involving, a foreign financial institution.

The Director of the Office of Foreign Assets Control, in consultation with the Department of State, has determined that, pursuant to section 1(a)(i) of the Order, the foreign financial institutions listed in Annex 1 to this Directive operate or have operated in the financial services sector of the Russian Federation economy, or are foreign financial institutions that are 50 percent or more owned, directly or indirectly, individually or in the aggregate, by one or more such foreign financial institutions, and are subject to the prohibitions of this Directive.

The prohibitions of this Directive shall take effect: (i) With respect to any foreign financial institution listed in Annex 1, beginning at 12:01 a.m. eastern daylight time on March 26, 2022; or (ii) with respect to a foreign financial institution otherwise determined to be subject to the prohibitions of this Directive, beginning at 12:01 a.m. eastern time on the date that is 30 days after the date of such determination.

For the purposes of this Directive, the term ''U.S. financial institution'' means any U.S. entity (including its foreign branches) that is engaged in the business of accepting deposits, making, granting, transferring, holding, or brokering loans or credits, or purchasing or selling foreign exchange, securities, futures or options, or procuring purchasers and sellers thereof, as principal or agent. It includes depository institutions, banks, savings banks, money services businesses, operators of credit card systems, trust companies, insurance companies, securities brokers and dealers, futures and options brokers and dealers, forward contract and foreign exchange merchants, securities and commodities exchanges, clearing corporations, investment companies, employee benefit plans, dealers in precious metals, stones, or jewels, and U.S. holding companies, U.S. affiliates, or U.S. subsidiaries of any of the foregoing. This term includes those branches, offices, and agencies of foreign financial institutions that are located in the United States, but not such institutions' foreign branches, offices, or agencies.

For the purposes of this Directive, the term ''foreign financial institution'' means any foreign entity that is engaged in the business of accepting deposits, making, granting, transferring, holding, or brokering loans or credits, or purchasing or selling foreign exchange, securities, futures or options, or procuring purchasers and sellers thereof, as principal or agent. It includes depository institutions, banks, savings banks, money services businesses, operators of credit card systems, trust companies, insurance companies, securities brokers and dealers, futures and options brokers and dealers, forward contract and foreign exchange merchants, securities and commodities exchanges, clearing corporations, investment companies, employee benefit plans, dealers in precious metals, stones, or jewels, and holding companies, affiliates, or subsidiaries of any of the foregoing. The term does not include the international financial institutions identified in 22 U.S.C. 262r(c)(2), the International Fund for Agricultural Development, the North American Development Bank, or any other international financial institution so notified by the Office of Foreign Assets Control.

For the purposes of this Directive, the term ''correspondent account'' means an account established by a U.S. financial institution for a foreign financial institution to receive deposits from, or to make payments on behalf of, the foreign financial institution, or to handle other financial transactions related to such foreign financial institution.

For the purposes of this Directive, the term ''payable-through account'' means a correspondent account maintained by a U.S. financial institution for a foreign financial institution by means of which the foreign financial institution permits its customers to engage, either directly or through a subaccount, in banking activities usual in connection with the business of banking in the United States.

All other activities with foreign financial institutions determined to be subject to the prohibitions of this Directive, or involving their property or interests in property, are permitted, provided that such activities are not otherwise prohibited by law, the Order, or any other sanctions program implemented by the Office of Foreign Assets Control.

Except to the extent otherwise provided by law or unless licensed or otherwise authorized by the Office of Foreign Assets Control, the following are also prohibited: (1) Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions of this Directive; and (2) any conspiracy formed to violate any of the prohibitions of this Directive.

A listing of foreign financial institutions determined to be subject to the prohibitions of this Directive,

including the foreign financial institutions listed in Annex 1, can be found in the Office of Foreign Assets Control's Correspondent Account and Payable-Through Account Sanctions (CAPTA) List on the Office of Foreign Assets Control website (*www.treas.gov/ofac*).

February 24, 2022.

Andrea M. Gacki,
Director, Office of Foreign Assets Control.

*Annex 1*

PUBLIC JOINT STOCK COMPANY SBERBANK OF RUSSIA
ARIMERO HOLDING LIMITED
IKS JOINT STOCK COMPANY
INSURANCE COMPANY SBERBANK INSURANCE LIMITED LIABILITY COMPANY
INSURANCE COMPANY SBERBANK LIFE INSURANCE LIMITED LIABILITY COMPANY
JOINT STOCK COMPANY RASCHETNIYE RESHENIYA
JOINT STOCK COMPANY SBERBANK
JOINT STOCK COMPANY SBERBANK AUTOMATED TRADE SYSTEM
JOINT STOCK COMPANY SBERBANK LEASING
JOINT STOCK COMPANY SBERBANK PRIVATE PENSION FUND
LIMITED LIABILITY COMPANY MARKET FUND ADMINISTRATION
LIMITED LIABILITY COMPANY PROMISING INVESTMENTS
LIMITED LIABILITY COMPANY SBERBANK CAPITAL
LIMITED LIABILITY COMPANY SBERBANK CIB HOLDING
LIMITED LIABILITY COMPANY SBERBANK FACTORING
LIMITED LIABILITY COMPANY SBERBANK FINANCIAL COMPANY
LIMITED LIABILITY COMPANY SBERBANK INSURANCE BROKER
LIMITED LIABILITY COMPANY SBERBANK INVESTMENTS
LIMITED LIABILITY COMPANY YOOMONEY
OPEN JOINT STOCK COMPANY BPS–SBERBANK
SB SECURITIES SA
SBERBANK EUROPE AG
SETELEM BANK LIMITED LIABILITY COMPANY
SUBSIDIARY BANK SBERBANK OF RUSSIA JOINT STOCK COMPANY
TEKHNOLOGII KREDITOVANIYA LIMITED LIABILITY COMPANY
VYDAYUSHCHIESYA KREDITY MICROCREDIT COMPANY LIMITED

LIABILITY COMPANY

**Office of Foreign Assets Control**

**Directive 3 Under Executive Order 14024**

*Prohibitions Related to New Debt and Equity of Certain Russia-related Entities*

Pursuant to sections 1(a), 1(d), and 8 of Executive Order 14024, "Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation" (the "Order"), the Director of the Office of Foreign Assets Control, in consultation with the Department of State, has determined that the following activities by U.S. persons or within the United States are prohibited, except to the extent provided by law, or unless licensed or otherwise authorized by the Office of Foreign Assets Control:

(1) For new debt or new equity of entities listed in Annex 1, or their property or interests in property, all transactions in, provision of financing for, and other dealings in new debt of longer than 14 days maturity or new equity where such new debt or new equity is issued on or after 12:01 a.m. eastern daylight time on March 26, 2022; and

(2) For new debt or new equity of entities otherwise determined to be subject to the prohibitions of this Directive, or their property or interests in property, all transactions in, provision of financing for, and other dealings in new debt of longer than 14 days maturity or new equity where such new debt or new equity is issued on or after 12:01 a.m. eastern time on the date that is 30 days after the date of such determination.

The Director of the Office of Foreign Assets Control, in consultation with the Department of State, has determined that, pursuant to sections 1(a)(i) and 1(a)(vii) of the Order, the entities listed in Annex 1 to this Directive operate or have operated in the financial services sector of the Russian Federation economy, or are owned or controlled by, or have acted or purported to act for or on behalf of, directly or indirectly, the Government of the Russian Federation, and are subject to the prohibitions of this Directive.

All other activities with entities determined to be subject to the prohibitions of this Directive, or involving their property or interests in property, are permitted, provided that such activities are not otherwise prohibited by law, the Order, or any other sanctions program implemented by the Office of Foreign Assets Control.

Except to the extent otherwise provided by law or unless licensed or otherwise authorized by the Office of Foreign Assets Control, the following are also prohibited: (1) Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions of this Directive; and (2) any conspiracy formed to violate any of the prohibitions of this Directive.

A listing of entities determined to be subject to the prohibitions of this Directive, including the entities listed in Annex 1, can be found in the Office of Foreign Assets Control's Non-SDN Menu-Based Sanctions (NS–MBS) List on the Office of Foreign Assets Control website (*www.treas.gov/ofac*).

February 24, 2022.

Andrea M. Gacki,
Director, Office of Foreign Assets Control.

*Annex 1*

CREDIT BANK OF MOSCOW PUBLIC JOINT STOCK COMPANY
GAZPROMBANK JOINT STOCK COMPANY
JOINT STOCK COMPANY ALFA–BANK
JOINT STOCK COMPANY RUSSIAN AGRICULTURAL BANK
JOINT STOCK COMPANY SOVCOMFLOT
OPEN JOINT STOCK COMPANY RUSSIAN RAILWAYS
PUBLIC JOINT STOCK COMPANY ALROSA
PUBLIC JOINT STOCK COMPANY GAZPROM
PUBLIC JOINT STOCK COMPANY GAZPROM NEFT
PUBLIC JOINT STOCK COMPANY ROSTELECOM
PUBLIC JOINT STOCK COMPANY RUSHYDRO
PUBLIC JOINT STOCK COMPANY SBERBANK OF RUSSIA
PUBLIC JOINT STOCK COMPANY TRANSNEFT

**Office of Foreign Assets Control**

**Directive 4 Under Executive Order 14024**

*Prohibitions Related to Transactions Involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation*

Pursuant to sections 1(a)(iv), 1(d), and 8 of Executive Order 14024, "Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation" (the "Order"), the Director of the Office of Foreign Assets Control has determined, in consultation with the Department of State, that the Central Bank of the Russian Federation, the

National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation are political subdivisions, agencies, or instrumentalities of the Government of the Russian Federation, and that the following activities by a United States person are prohibited, except to the extent provided by law, or unless licensed or otherwise authorized by the Office of Foreign Assets Control: Any transaction involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation, including any transfer of assets to such entities or any foreign exchange transaction for or on behalf of such entities.

All other activities with entities determined to be subject to the prohibitions of this Directive, or involving their property or interests in property, are permitted, provided that such activities are not otherwise prohibited by law, the Order, or any other sanctions program implemented by the Office of Foreign Assets Control.

Except to the extent otherwise provided by law or unless licensed or otherwise authorized by the Office of Foreign Assets Control, the following are also prohibited: (1) Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions of this Directive; and (2) any conspiracy formed to violate any of the prohibitions of this Directive.

A listing of entities determined to be subject to the prohibitions of this Directive can be found in the Office of Foreign Assets Control's Non-SDN Menu-Based Sanctions (NS–MBS) List on the Office of Foreign Assets Control website (*www.treas.gov/ofac*).

February 28, 2022.
Andrea M. Gacki,
Director, Office of Foreign Assets Control.
[FR Doc. 2022–11608 Filed 5–27–22; 8:45 am]
BILLING CODE 4810–AL–P

# DEPARTMENT OF THE TREASURY

## Office of Foreign Assets Control

### 31 CFR Part 587

### Publication of Russian Harmful Foreign Activities Sanctions Regulations Determinations

**AGENCY:** Office of Foreign Assets Control, Treasury.
**ACTION:** Publication of determinations.

**SUMMARY:** The Department of the Treasury's Office of Foreign Assets Control (OFAC) is publishing two sectoral determinations issued pursuant to an April 15, 2021 Executive order, as well as a category of services determination issued pursuant to an April 6, 2022 Executive order. Each determination was previously issued on OFAC's website.

**DATES:** The March 31, 2022 Determination Pursuant to Section (1)(a)(i) of Executive Order 14024 was issued on March 31, 2022. The May 8, 2022 Determination Pursuant to Section (1)(a)(i) of Executive Order 14024 was issued on May 8, 2022. The May 8, 2022 Determination Pursuant to Section 1(a)(ii) of Executive Order 14071 was issued on May 8, 2022 and takes effect on June 7, 2022.

**FOR FURTHER INFORMATION CONTACT:**
OFAC: Assistant Director for Licensing, 202–622–2480; Assistant Director for Regulatory Affairs, 202–622–4855; or Assistant Director for Sanctions Compliance & Evaluation, 202–622–2490.

**SUPPLEMENTARY INFORMATION:**

### Electronic Availability

This document and additional information concerning OFAC are available on OFAC's website: *www.treas.gov/ofac.*

### Background

On April 15, 2021, the President, invoking the authority of, *inter alia,* the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), issued Executive Order (E.O.) 14024 (86 FR 20249, April 19, 2022). Among other prohibitions, section 1(a) of E.O. 14024 blocks, with certain exceptions, all property and interests in property that are in the United States, that come within the United States, or that are or come within the possession or control of any U.S. person of, any person determined by the Secretary of the Treasury, in consultation with the Secretary of State: (i) To operate or have operated in the technology sector or the defense and related materiel sector of the Russian Federation economy, or any other sector of the Russian Federation economy as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State.

On April 6, 2022, the President, invoking the authority of, *inter alia,* IEEPA, issued E.O. 14071 of April 6, 2022, "Prohibiting New Investment in and Certain Services to the Russian Federation in Response to Continued Russian Federation Aggression" (87 FR 20999, April 8, 2022). Among other prohibitions, section 1(a)(ii) of E.O. 14071 prohibits the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any category of services as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State, to any person located in the Russian Federation.

On March 31, 2022, the Secretary of the Treasury, in consultation with the Secretary of the State, issued a sectoral determination pursuant to E.O. 14024. This determination took effect upon publication on OFAC's website, which occurred on March 31, 2022. On May 8, 2022, pursuant to delegated authority, the Director of OFAC, in consultation with the Department of State, issued a sectoral determination pursuant to E.O. 14024. This determination took effect upon publication on OFAC's website, which occurred on May 8, 2022. Also on May 8, 2022, pursuant to delegated authority, the Director of OFAC, in consultation with the Department of State, issued a category of services determination pursuant to E.O. 14071. This determination takes effect at 12:01 a.m. eastern daylight time on June 7, 2022.

The texts of the March 31, 2022 and May 8, 2022 sectoral determinations pursuant to E.O. 14024, and the May 8, 2022 category of services determination pursuant to E.O. 14071, are below.

### Determination Pursuant to Section 1(a)(i) of Executive Order 14024

Section 1(a) of Executive Order (E.O.) 14024 of April 15, 2021 ("Blocking Property With Respect To Specified Harmful Foreign Activities of the Government of the Russian Federation") imposes economic sanctions on any person determined by the Secretary of the Treasury, in consultation with the Secretary of State, or the Secretary of State, in consultation with the Secretary of the Treasury, to operate or have operated in such sectors of the Russian Federation economy as may be determined, pursuant to section 1(a)(i) of E.O. 14024, by the Secretary of the Treasury, in consultation with the Secretary of State.

To further address the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States described in E.O. 14024, and in consultation with the Secretary of State, I hereby determine that section 1(a)(i) shall apply to the aerospace, electronics, and marine sectors of the Russian Federation economy. Any person that I or my designee, in consultation with the Secretary of State or the Secretary of