Matthew Shayefar (Cal. SBN. 289685)
matt@shayefar.com
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West
West Hollywood, California 90069
Tel: 323-948-8101

Valentin Gurvits (MA Bar No. 643572) *pro hac vice*
vgurvits@bostonlawgroup.com | Tel: 617-928-1804
Frank Scardino (MA Bar No. 703911) *pro hac vice*
frank@bostonlawgroup.com | Tel: 617-928-1805
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

*Attorneys for Plaintiff Maria Zurabova*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| MARIA ZURABOVA<br>    Plaintiff,<br><br>v.<br><br>BLOCK, INC.;<br>SQUARE CAPITAL, LLC; and<br>SQUARE FINANCIAL SERVICES, INC.<br>    Defendants. | **CASE NO. 4:23-CV-00953-JST**<br>*Assigned to the Honorable Jon S. Tigar in Courtroom 6*<br><br>**PLAINTIFF MARIA ZURABOVA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   September 14, 2023<br>Time:   2:00 p.m.<br>Ctrm.:  6<br>Before the Hon. Jon S. Tigar |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Plaintiff Maria Zurabova hereby respectfully requests that the Court take judicial notice of certain documents in connection with Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint.

In considering Plaintiff's Opposition to Defendants' Motion to Dismiss, this Court may rely not only on Plaintiff's allegations in her First Amended Complaint ("FAC"), but also on "documents incorporated by reference and matters subject to judicial notice." *Chavez v. Robinson*, 12 F.4th 978, 982 n.1 (9th Cir. 2021) (citations omitted). A document is incorporated by reference whenever "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quotation marks omitted); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Even if a document is not incorporated by reference, the Court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d).

**I.   Square's Payment Terms are Judicially Noticeable and Should be Incorporated by Reference into the FAC.**

**Exhibit 1** is a true and correct copy of Square's Payment Terms. Square's Payment Terms are incorporated by reference into Plaintiff's FAC. Plaintiff refers extensively to Square's "Terms," *see* FAC ¶¶ 8, 12–14, 17, which included "General Terms and any policies referenced within...." FAC at ¶ 17. One such policy "referenced within" is Square's "Payment Terms," which apply to the use of Square's Payment Services. Dkt. 16-1 at 3 ("You also agree to any additional terms specific to Services," including Payment Terms, which "apply to all Payment Services."); *id.* at 14 ("See Payment Terms for terms applicable to Payment Services."); *id.* at 17 ("In addition to any payment obligations under the Payment Terms, the following sections of these General Terms survive and remain in effect in accordance with their terms upon termination...." (emphasis added)). Accordingly, the Payment Terms are incorporated by reference. *See, e.g., Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F.Supp.3d 1061, 1066 (N.D.

Cal. 2018) (finding contracts "not physically attached to the complaint" were incorporated by reference because plaintiff "referenced all of [them] in his complaint"). Exhibit 1 is also judicially noticeable on account of the reasons stated in Section IV *infra* because it is also part of Square's publicly accessible website.

## II. Square's Privacy Notice is Judicially Noticeable and Should be Incorporated by Reference into the FAC.

**Exhibit 2** is a true and correct copy of Square's Privacy Notice for users who do not have a Square Account ("Privacy Notice"). The Privacy Notice is incorporated into Plaintiff's Complaint because a hyperlink to these terms is embedded at the bottom of the Invoices which are attached as Exhibit C to the FAC. FAC at ¶ 29; Dkt. 16-3. Moreover, the Invoices are referenced throughout the FAC. *See* FAC at ¶¶ 15-16, 16 n.1, 18-19, 23, 29, 45, 55. Accordingly, the Privacy Notice is incorporated by reference. *See, e.g.*, *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F.Supp.3d 1061, 1066 (N.D. Cal. 2018) (finding contracts "not physically attached to the complaint" were incorporated by reference because plaintiff "referenced all of [them] in his complaint"). Exhibit 2 is also judicially noticeable on account of the reasons stated in Section IV *infra* because it is also part of Square's publicly accessible website.

## III. OFAC's General Licenses are Judicially Noticeable.

**Exhibit 3** is a true and correct copy of a selected portion of the Federal Register from Sept. 9, 2022, Vol. 87, No. 174, pp. 55276-79, the "Publication of Russian Harmful Foreign Activities Sanctions Regulations Web General Licenses 21, 21A, 22, 23, 24, 25, 26, 27, 28, 29, and 30."

**Exhibit 4** is a true and correct copy of a selected portion of the Federal Register from Sept. 8, 2022, Vol. 87, No. 173, pp. 54897-98, the "Publication of Russian Harmful Foreign Activities Sanctions Regulations Web General Licenses 38A and 50."

Exhibits 3 and 4 are selected portions of the Federal Register and are therefore judicially noticeable by statute. 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed."). *See*, *also*, *Cal. Sportfishing Protection Alliance v. Shiloh Grp., LLC*, 258 F.Supp.3d 1029, 1038 (N.D. Cal. 2017) (taking judicial notice of portions of Federal Register).

### IV. Portions of Square's Website are Judicially Noticeable.

**Exhibit 5** is a true and correct copy of a portion of Square's website found at the following URL: https://squareup.com/us/en/banking#:~:text=Block%2C%20Inc.%20is%20a%20financial,or%20Sutton%20Bank%3B%20Members%20FDIC.

This webpage, which is posted to Square's official website and is freely accessible to the public, is judicially noticeable as a matter of public record. *See Calhoun v. Google LLC*, 526 F.Supp.3d 605, 617 (N.D. Cal. 2021) (recognizing that "documents appear[ing] on publicly available websites" are "proper subjects for judicial notice"); *Woodside Inv., Inc. v. Complete Bus. Sol. Grp., Inc.*, No. 20 Civ 00042, 2020 WL 869206, at *2 (E.D. Cal. Feb. 21, 2020) (taking judicial notice of website because website "is a matter of public record"); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (recognizing that court may "take notice of undisputed information on a private entity's website").

For these reasons, the Court should take judicial notice of Exhibits 1-5 and consider them in connection with Plaintiff's Opposition to Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: July 13, 2023 | Respectfully Submitted, |
| 2 | | **LAW OFFICE OF MATTHEW SHAYEFAR, PC** |
| 3 | | By: /s/ *Matthew Shayefar* |
| | | Matthew Shayefar (Cal. SBN. 289685) |
| 4 | | matt@shayefar.com |
| | | Law Office of Matthew Shayefar, PC |
| 5 | | 750 N. San Vicente Blvd, 800 West |
| | | West Hollywood, California 90069 |
| 6 | | Tel: 323-948-8101 |
| 7 | | Attorney for Plaintiff Maria Zurabova |