# Exhibit 4


## OFFICE OF FOREIGN ASSETS CONTROL

**Russian Harmful Foreign Activities Sanctions Regulations 31 CFR Part 587**

**GENERAL LICENSE NO. 49**

**Authorizing the Wind Down of Transactions Involving MMK Metalurji Sanayi Ticaret Ve Liman Isletmeciligi Anonim Sirketi**

(a) Except as provided in paragraph (b) of this general license, all transactions ordinarily incident and necessary to the wind down of any transaction involving MMK Metalurji Sanayi Ticaret Ve Liman Isletmeciligi Anonim Sirketi (MMK Metalurji), or any entity in which MMK Metalurji owns, directly or indirectly, a 50 percent or greater interest, that are prohibited by Executive Order (E.O.) 14024 are authorized through 12:01 a.m. eastern standard time, January 31, 2023, provided that any payment to a blocked person must be made into a blocked account in accordance with the Russian Harmful Foreign Activities Sanctions Regulations, 31 CFR part 587 (RuHSR).

(b) This general license does not authorize:

(1) Any transactions prohibited by Directive 2 under E.O. 14024, *Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions;*

(2) Any transactions prohibited by Directive 4 under E.O. 14024, *Prohibitions Related to Transactions Involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation;* or

(3) Any transactions otherwise prohibited by the RuHSR, including transactions involving any person blocked pursuant to the RuHSR other than the blocked persons described in paragraph (a) of this general license, unless separately authorized.

Bradley T. Smith,
*Deputy Director, Office of Foreign Assets Control.*
Dated: August 2, 2022.

**Andrea M. Gacki,**
*Director, Office of Foreign Assets Control.*
[FR Doc. 2022–19311 Filed 9–7–22; 8:45 am]
**BILLING CODE 4810–AL–P**

## DEPARTMENT OF THE TREASURY

**Office of Foreign Assets Control**

**31 CFR Part 587**

**Publication of Russian Harmful Foreign Activities Sanctions Regulations Web General Licenses 38A and 50**

**AGENCY:** Office of Foreign Assets Control, Treasury.
**ACTION:** Publication of web general licenses.

**SUMMARY:** The Department of the Treasury's Office of Foreign Assets Control (OFAC) is publishing two general licenses (GLs) issued in the Russian Harmful Foreign Activities Sanctions Regulations: GLs 38A and 50, each of which was previously made available on OFAC's website.
**DATES:** GLs 38A and 50 were issued on August 19, 2022. See **SUPPLEMENTARY INFORMATION** for additional relevant dates.

**FOR FURTHER INFORMATION CONTACT:** OFAC: Assistant Director for Licensing, 202–622–2480; Assistant Director for Regulatory Affairs, 202–622–4855; or Assistant Director for Sanctions Compliance & Evaluation, 202–622–2490.

**SUPPLEMENTARY INFORMATION:**

### Electronic Availability

This document and additional information concerning OFAC are available on OFAC's website: *www.treas.gov/ofac.*

### Background

On August 19, 2022, OFAC issued GLs 38A and 50 to authorize certain transactions otherwise prohibited by the Russian Harmful Foreign Activities Sanctions Regulations, 31 CFR part 587.

GL 38A replaced and superseded GL 38 and contains no expiration date. GL 50 contains no expiration date. At the time of issuance, GLs 38A and 50 were each made available on OFAC's website (*www.treas.gov/ofac*). The text of these GLs is provided below.

## OFFICE OF FOREIGN ASSETS CONTROL

**Russian Harmful Foreign Activities Sanctions Regulations 31 CFR Part 587**

**GENERAL LICENSE NO. 38A**

**Authorizing Transactions Related to Pension Payments**

(a) Except as provided in paragraph (b) of this general license, all transactions ordinarily incident and necessary to the processing of pension payments to (1) U.S. persons or (2) non-U.S. persons not located in the Russian Federation, that are prohibited by Executive Order (E.O.) 14024 are authorized, provided that the only involvement of blocked persons is the processing of funds by financial institutions blocked pursuant to E.O. 14024.

(b) This general license does not authorize:

(1) The opening or maintaining of a correspondent account or payable-through account for or on behalf of any entity determined to be subject to the prohibitions of Directive 2, *Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions*;

(2) Any debit to an account on the books of a U.S. financial institution of the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, or the Ministry of Finance of the Russian Federation; or

(3) Any transactions otherwise prohibited by the Russian Harmful Foreign Activities Sanctions Regulations, 31 CFR part 587 (RuHSR), including transactions involving any person blocked pursuant to the RuHSR other than the blocked persons described in paragraph (a) of this general license, unless separately authorized.

(c) Effective August 19, 2022, General License No. 38, dated June 2, 2022, is replaced and superseded in its entirety by this General License No. 38A.

Andrea M. Gacki,
*Director, Office of Foreign Assets Control.*
Dated: August 19, 2022.

## OFFICE OF FOREIGN ASSETS CONTROL

**Russian Harmful Foreign Activities Sanctions Regulations 31 CFR Part 587**

**GENERAL LICENSE NO. 50**

**Authorizing the Closing of Individual Accounts at Financial Institutions Blocked Pursuant to Executive Order 14024**

(a) Except as provided in paragraph (b) of this general license, all transactions prohibited by Executive Order (E.O.) 14024 that are ordinarily incident and necessary to (i) the closing of an account of an individual, wherever located, who is not a blocked person ("the account holder"), held at a financial institution blocked pursuant to E.O. 14024, and (ii) the unblocking and lump sum transfer of all remaining funds and other assets in the account to the account holder, including to an account of the account holder held at a

non-blocked financial institution, are authorized.

(b) This general license does not authorize:

(1) The opening or maintaining of a correspondent account or payable-through account for or on behalf of any entity subject to Directive 2 under E.O. 14024, *Prohibitions Related to Correspondent or Payable-Through Accounts and Processing of Transactions Involving Certain Foreign Financial Institutions;*

(2) Any transactions prohibited by Directive 4 under E.O. 14024, *Prohibitions Related to Transactions Involving the Central Bank of the Russian Federation, the National Wealth Fund of the Russian Federation, and the Ministry of Finance of the Russian Federation;* or

(3) Any transactions otherwise prohibited by the Russian Harmful Foreign Activities Sanctions Regulations, 31 CFR part 587 (RuHSR), including transactions involving any person blocked pursuant to the RuHSR other than the blocked persons described in paragraph (a) of this general license, unless separately authorized.

Andrea M. Gacki,
*Director, Office of Foreign Assets Control.*

Dated: August 19, 2022.

**Andrea M. Gacki,**
*Director, Office of Foreign Assets Control.*
[FR Doc. 2022–19313 Filed 9–7–22; 8:45 am]
**BILLING CODE 4810–AL–P**

# ENVIRONMENTAL PROTECTION AGENCY

## 40 CFR Part 52

[EPA–R08–OAR–2022–0186; FRL–9930–02–R8]

## Approval and Promulgation of Implementation Plans; State of Utah; Revisions to Utah Administrative Code: Environmental Quality; Title R307; Air Quality

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** The Environmental Protection Agency (EPA) is approving revisions to the Utah Division of Administrative Rules (DAR) submitted by the State of Utah on May 21, 2020, May 28, 2020, November 3, 2020, and November 12, 2020. The EPA is taking this action pursuant to the Clean Air Act (CAA).

**DATES:** This rule is effective on October 11, 2022.

**ADDRESSES:** The EPA has established a docket for this action under Docket ID No. EPA–R08–OAR–2022–0186. All documents in the docket are listed on the *https://www.regulations.gov* website. Although listed in the index, some information is not publicly available, *e.g.,* confidential business information (CBI) or other information whose disclosure is restricted by statute. Certain other material, such as copyrighted material, is not placed on the internet and will be publicly available only in hard copy form. Publicly available docket materials are available through *https://www.regulations.gov,* or please contact the person identified in the **FOR FURTHER INFORMATION CONTACT** section for additional availability information.

**FOR FURTHER INFORMATION CONTACT:** Amanda Brimmer, Air and Radiation Division, EPA, Region 8, Mailcode 8ARD–IO, 1595 Wynkoop Street, Denver, Colorado 80202–1129, (303) 312–6323, *brimmer.amanda@epa.gov.*

**SUPPLEMENTARY INFORMATION:** Throughout this document "we," "us," and "our" means the EPA.

## I. Background

The factual and legal background for this action is discussed in detail in our June 30, 2022, proposed approval (see 87 FR 39036). In that document we proposed to approve various revisions to the Utah SIP that were submitted to the EPA on May 21, 2020, May 28, 2020, November 3, 2020, and November 12, 2020. The proposal provides a detailed description of the revisions and the rationale for the EPA's proposed actions.

The revisions to the Utah Administrative Code address various State Implementation Plan (SIP) changes and updates. Specifically, we are approving clerical updates to the General Requirements, Permits, and Emissions Inventory rules, including updating the effective date of various code of federal regulations (CFR) referenced. Additionally, we are approving changes to several Permits rules including adding new definitions, clarifying testing methods, and specifying an emissions limit for particulate matter with an aerodynamic diameter less than or equal to a nominal 2.5 microns ($PM_{2.5}$) for emissions impact analysis. We are also approving the repeal and replacement of the Emissions Testing rule as well as approve a new rule related to abrasive blasting in particular matter with an aerodynamic diameter less than or equal to a nominal 10 microns ($PM_{10}$) nonattainment areas.

We received one anonymous comment on this proposal which expressed general opposition to activities in the state that emit pollution, such as land ports, railroads, fracking, abandoned wells, and development of the Salt Lake City Valley. The commentor expressed support for "higher standards," but did not provide any specific comments related to the proposed approval. After reviewing the comment, EPA has determined that it is outside the scope of this action and therefore, the EPA is not altering its proposed rulemaking.

## II. Final Action

We are approving submitted revisions to R307–101. General Requirements., R307–150. Emission Inventories., R307–165. Stack Testing., R307–306. $PM_{10}$ Nonattainment and Maintenance Areas: Abrasive Blasting., R307–401. Permit: New and Modified Sources., R307–405. Permits: Major Sources in Attainment or Unclassified Areas (PSD)., and R307–410. Permits: Emissions Impact Analysis. from the State's May 21, 2020, May 28, 2020, November 3, 2020, and November 12, 2020, submittals as shown in Table 1. We are not acting on several submittals that were withdrawn by the State on June 13, 2022.[1]

TABLE 1—LIST OF UTAH REVISIONS TO R307 THAT THE EPA IS APPROVING IN THIS ACTION

Revised sections in May 21, 2020, May 28, 2020, November 3, 2020, and November 12, 2020, submittals for approval

*May 21, 2020 Submittal:*
    R307–401–2, R307–401–10, R307–401–15.
*May 28, 2020 Submittal:*

---

[1] On June 13, 2022, the state of Utah withdrew submittals for R307–150–3, R307–150–9, R307–210–1, R307–214–1, R307–214–2, R307–401–16, R307–410–5, R307–501, R307–502, R307–503, R307–504, R307–505, R307–506, R307–507, R307–508, R307–509, R307–510, and R307–511. See letter from Governor Spencer Cox to KC Becker, Region 8 Administrator.