Lennette Lee (SBN 263023)
llee@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Leigh Nathanson (admitted *pro hac vice*)
lnathanson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Attorneys for Defendants
BLOCK, INC., SQUARE CAPITAL, LLC, and
SQUARE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| MARIA ZURABOVA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BLOCK, INC.;<br>SQUARE CAPITAL, LLC; and<br>SQUARE FINANCIAL SERVICES, INC.<br><br>　　　　Defendants. | Case No. 4:23-cv-00953-JST<br><br>*Assigned to the Honorable Jon S. Tigar in Courtroom 6*<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br>**(L.R. 16-2)**<br><br>Action Filed: March 3, 2023<br>Trial Date:　　None set |

I. **Introduction**

By this administrative motion, Defendants Block, Inc., Square Capital, LLC, and Square Financial Services, Inc. ("Defendants") seek the Court's intervention and request a brief continuance of the initial case management conference, currently set for August 1, 2023, to the same date as the hearing for Defendants' pending motion to dismiss, September 14, 2023. Although parties routinely stipulate to such continuances—indeed the Northern District has promulgated Guidelines for Professional Conduct indicating that reasonable requests for continuances should almost always be granted—and holding the conference and motion hearing on the same date would be most economical and efficient for the parties and the Court, Plaintiff refused to agree to Defendants' request. Defendants therefore respectfully bring this motion under Civil Local Rule 16-2(d).

II. **Background**

Plaintiff Maria Zurabova filed the Complaint in this action on March 3, 2023. ECF No. 1. On May 1, 2023, Plaintiff filed a First Amended Complaint ("FAC") adding an additional related cause of action against all Defendants. ECF No. 16. That same day, the Court entered the Clerk's Notice Setting Zoom Hearing which set the initial case management conference in this matter for August 1, 2023 at 2:00 p.m. and the deadline for submission of the joint case management statement for July 25, 2023. ECF No. 17.

On or about May 30, 2023, the undersigned counsel for Defendants appeared as new counsel in this action. On June 2, 2023, Plaintiff agreed to extend Defendants' time to respond to the FAC by an additional ten days—*i.e.*, to June 29, 2023—to allow adequate time for Defendants' newly-retained counsel to review the allegations in the FAC. On June 5, 2023, the Court granted the Parties' stipulation to extend Defendants' time to respond to the FAC by an additional ten days. ECF No. 25.

Defendants filed a motion to dismiss on June 29, 2023 which is set for hearing on the Court's first available date, September 14, 2023. ECF No. 28. If granted, Defendants' motion to dismiss would fully dispose of the issues—for example, Defendants argue that Plaintiff lacks Article III standing to bring her claims because she cannot demonstrate that her injuries are

1  judicially redressable in light of current United States Department of Treasury Office of Foreign
2  Assets Control sanctions and any judicial order otherwise would run afoul of duly issued
3  regulations and sanctions promulgated by the United States government. 31 C.F.R. § 587.202
4  (2022); ECF No. 28 at 8–9.

5  On July 14, 2023, Defendants met and conferred with Plaintiff regarding a continuance of
6  the case management conference pursuant to Local Rule 16-2(d). Declaration of Lennette Lee
7  ("Lee Decl.") ¶ 5. Specifically, Defendants requested that the parties stipulate to hold the case
8  management conference on the same date as the motion to dismiss hearing in an effort to conserve
9  judicial and litigant resources. *Id.* Plaintiff rejected Defendants' request, contending that "there's
10  a chance that the judge will not be around in September so the motion hearing might get kicked to
11  October." *Id.*

12  As a result, Defendants are forced to bring this administrative motion to continue the case
13  management conference.

14  **III.  Argument**

15  A case schedule that is efficient and reasonable for all parties and the Court is necessary
16  for "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Here, at a
17  minimum, efficient and orderly proceeding of this action would be furthered by holding the case
18  management conference on the same date as the hearing for Defendants' motion to dismiss:
19  counsel for both parties are already scheduled to appear on September 14, 2023, and the Court will
20  have the benefit of the fully briefed motion by that date, the resolution of which could significantly
21  impact the scope of subsequent discovery and pretrial deadlines to be discussed at the case
22  management conference.

23  Indeed, courts in this District regularly exercise their inherent power to control their
24  dockets to continue case management conferences until after *resolution* of motions to dismiss,
25  reasoning that it serves interest of judicial and litigant economy to first resolve dispositive motions
26  that could narrow the issues or even resolve the case altogether. *See, e.g.*, *Ou-Young v. Rea*, No.
27  5:13 Civ. 03118, 2014 WL 129267, at *2 (N.D. Cal. Jan. 14, 2014) (Grewal, J.); *Thomas v.*
28  *Kimpton Hotel & Rest. Grp., LLC*, No. 3:19 Civ. 01860-MMC, (N.D. Cal. July 3, 2019), ECF No.

27 (Chesney, J.); *Antman v. Uber Techs., Inc.*, No. 3:15 Civ. 01175-LB, (N.D. Cal. June 19, 2015), ECF Nos. 26, 41 (Beeler, J.).

While Defendants believe it would be appropriate and most efficient to continue the case management conference until after the resolution of their pending motion to dismiss, they nevertheless proposed a shorter continuance—to the same date of the scheduled motion to dismiss hearing—in the spirit of compromise and in an attempt to address Plaintiff's stated concern of undue delay. *See* Lee Decl., ¶ 5. Such a continuance promotes efficiency and does not result in a change to the schedule in the case or any undue delay. *Id.* ¶¶ 8–9. Moreover, Plaintiff's refusal of even this brief continuance—citing concerns that the Court might not be available on the scheduled hearing date, *id.* ¶ 5—is unsupported and runs contrary to this District's Guidelines for Professional Conduct. *See* Guidelines 4(a)–(b).

Defendants therefore respectfully submit that good cause exists to continue the initial case management conference from August 1, 2023 to (at least) September 14, 2023.

### IV.    Conclusion

For the reasons stated above, Defendants request that the Court) grant Defendants' request for a continuation of the case management conference until September 14, 2023.

Dated: July 17, 2023

**KING & SPALDING, LLP**

By: /s/Lennette Lee
Lennette Lee (SBN 263023)
llee@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Leigh Nathanson (admitted *pro hac vice*)
lnathanson@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

|   |   |
|---|---|
|   | Attorneys for Defendants<br>BLOCK, INC., SQUARE CAPITAL, LLC,<br>and SQUARE FINANCIAL SERVICES, INC. |