Matthew Shayefar (Cal. SBN. 289685)
matt@shayefar.com
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West
West Hollywood, California 90069
Tel: 323-948-8101

Valentin Gurvits (MA Bar No. 643572) *pro hac vice*
vgurvits@bostonlawgroup.com | Tel: 617-928-1804
Frank Scardino (MA Bar No. 703911) *pro hac vice*
frank@bostonlawgroup.com | Tel: 617-928-1805
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

*Attorneys for Plaintiff Maria Zurabova*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA ZURABOVA<br>    Plaintiff,<br><br>v.<br><br>BLOCK, INC.;<br>SQUARE CAPITAL, LLC; and<br>SQUARE FINANCIAL SERVICES, INC.;<br>    Defendants. | **CASE NO. 4:23-CV-00953-KAW**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## JOINT CASE MANAGEMENT STATEMENT

The Parties, Maria Zurabova ("Plaintiff") and Block, Inc., Square Capital, LLC, and Square Financial Services, Inc. (together, "Defendants") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction and Service**

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Parties and the amount in controversy exceeds $75,000.  Plaintiff claims that the Court also has jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, because Plaintiff alleges Defendants violated 15 U.S.C. §§ 1693, et seq. the Electronic Funds Transfer Act.  Defendants were served and Defendants have filed a Motion to Dismiss under F.R.C.P. 12(b)(1) and 12(b)(6).

**2.     Facts**

As alleged in the First Amended Complaint ("FAC"), Plaintiff Maria Zurabova seeks damages and other relief for the acts and omissions of the named Defendants.  Zurabova made more than $645,000 worth of purchases with a merchant using Defendants' payment processing services.  Plaintiff claims that Defendants received these funds from Zurabova's bank but failed to pass these funds along to the merchant, failed to refund them to Zurabova, and instead illegally retained more than $645,000 in funds for more than twenty (20) months as of today. Defendants have moved to dismiss the complaint on the grounds that (1) Plaintiff lacks the requisite Article III standing to assert claims against Defendants because the funds are being held in a segregated account subject to OFAC sanctions, and thus her claims are not judicially redressable, and (2) each of Plaintiff's pled causes of actions fails because Plaintiff does not, and cannot, allege sufficient facts establishing all required elements of each claim.

**3.     Legal Issues**

Defendants filed a Motion to Dismiss all claims in the FAC (ECF No. 28).  There are numerous issues of law which are discussed and briefed in that Motion to Dismiss and Plaintiff's respective Opposition.

**4.     Motions**

Defendants filed a Motion to Dismiss all claims in the FAC. ECF No. 28. Plaintiff opposed this motion. The Court has vacated the respective motion hearing, and the motion is currently under consideration by the Court. If the case proceeds beyond a motion to dismiss, Plaintiff and Defendants anticipate moving for summary judgment after the close of discovery.

**5.     Amendment of Pleadings**

Plaintiff does not expect to add or dismiss claims at this time. Plaintiff reserves the right to move to amend its pleadings pending the Court's decision with respect to Defendants' pending Motion to Dismiss.

**6.     Evidence Preservation**

The parties have reviewed the ESI Guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The parties have agreed to make initial disclosures by November 29, 2023.

**8.     Discovery**

There has not been any discovery taken to date. Plaintiff contends that the vast majority of her discoverable documentation has been attached to her pleadings in this case. The parties do not anticipate requesting any modifications of discovery rules at this time and do not foresee the need for a stipulated e-discovery order at this time. There are no discovery disputes at this time. The parties foresee discovery to be limited to the claims in the FAC. The parties propose producing ESI in native and PDF format. The parties propose that the discovery window be open for six to nine months following the Court's decision on the Motion to Dismiss (in the event that any claims from the FAC remain thereafter).

**9.     Class Action**

N/A.  This is not a class action case.

**10.    Related Cases**

There are no related cases or proceedings pending before any other court or administrative body.

**11.    Relief**

Plaintiff is seeking damages in an amount to be determined at trial, estimated to be $645,000, on account of Defendants retaining, allegedly improperly, $645,000 of Plaintiff's funds.  Plaintiff is also seeking interest and costs, and treble damages and attorney's fees pursuant to 15 U.S.C. §§ 1693f and 1693m(a)(3).

**12.    Settlement and ADR**

Plaintiff has made numerous settlement demands on Defendants, but has not received a counteroffer.  As described in the FAC, Plaintiff intended to resolve this matter in Arbitration, but Defendants refused to consent to Arbitration.

**13.    Other References**

As referenced in Section 12 herein, the Parties do not believe that the case is suitable for binding arbitration.  The Parties do not believe the cause is suitable for a special master or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The Court's decision on the pending Motion to Dismiss (ECF No. 28) will have an effect on this response.  The Parties respectfully propose to supplement their case management plan subsequent to the Court's decision on the Motion to Dismiss.

**15.    Expedited Trial Procedure**

The Parties do not agree to have this case tried under the Expedited Trial Procedure.

Joint Case Management Statement – No. 4:23-CV-00953-KAW

**16.    Scheduling**

The parties propose that discovery close between six and nine months following the Court's decision on Defendants' Motion to Dismiss, with subsequent dates set at the Court's discretion.

**17.    Trial**

Plaintiff requests a trial by jury and anticipates an approximately three-day trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed its Certificate of Conflicts and Interested Entities or Persons on March 3, 2023, ECF No. 2.  Plaintiff states, on behalf of herself, that as of the date hereof, there is no conflict of interest, other than the Plaintiff named in this action to report.

Defendants filed their Certificates of Conflicts and Interested Entities or Persons on June 29, 2023, ECF Nos. 30–32.  As of the date hereof, it is Defendants' position that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. <u>Joint Stock Company Alfa-Bank</u> is a Russian joint stock corporation that was the card-issuing bank for the debit cards used in the transactions that are the subject of this litigation;

2. <u>Alfa Group</u> is a privately owned Russian investment group that has an ownership stake in Alfa-Bank; and

3. <u>Royal Star Inc.</u> is a jeweler located at 36 West 47th Street #204, New York, NY 10036 that allegedly failed to deliver the jewels that Plaintiff allegedly purchased.

**19.   Professional Conduct**

All attorneys of record for the Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.   Other**

Nothing additional at this time.

Dated: November 20, 2023

Respectfully submitted,

Plaintiff,
By her attorneys,

/s/ Matthew Shayefar
Matthew Shayefar (Cal. Bar No. 289685)
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West,
West Hollywood, CA 90069
Tel: 323-948-8101
matt@shayefar.com

Valentin Gurvits (MA BBO # 643572)
*Pro hac vice*
Frank Scardino (MA BBO # 703911)
*Pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Tel: 617-928-1805
Fax: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com


Defendants,
By their attorneys,

/s/ Lennette W. Lee
Lennette W. Lee (SBN 263023)
*llee@kslaw.com*
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
Fax: (213) 443-4310

Leigh Nathanson (admitted *pro hac vice*)
*lnathanson@kslaw.com*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222